## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WOLF RUN HOLLOW, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:10-cv-00038 |
| | § | |
| HUNTINGTON STATE BANK, | § | |
| AMERICAN STATE BANK, | § | |
| GUARANTY BOND BANK, | § | |
| AMERICAN BANK OF TEXAS, | § | |
| FIRST STATE BANK OF BEN WHEELER, | § | |
| SOUTHSIDE BANK, | § | |
| CITIZENS STATE BANK, | § | |
| INDEPENDENT BANK, | § | |
| PROSPERITY BANCSHARES, INC., | § | |
| PROSPERITY BANK, | § | |
| VALLIANCE BANK, | § | |
| ACCESS 1ST CAPITAL BANK, and | § | |
| SANGER BANK, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT VALLIANCE BANK's MOTION TO DISMISS
### AND MOTION FOR MORE DEFINITE STATEMENT

TO THE HONORABLE T. JOHN WARD
UNITED STATES DISTRICT JUDGE:

COMES NOW Valliance Bank, one of the Defendants in the above numbered and styled

cause, and files this its Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. and its Motion

for More Definite Statement pursuant to Rule 12(e), Fed. R. Civ. P. and in support thereof would

respectfully show the Court as follows:

## GENERAL INFORMATION

1.      This is a suit alleging patent infringement by the various defendants on rights claimed

by the Plaintiff as the alleged licensee of the inventor.

2.      The only allegation made against Valliance Bank is:

> Upon information and belief, Valliance Bank has infringed and
> continues to infringe one or more claims of the '817 patent by
> making, using, providing, offering to sell, and selling (directly or
> through intermediaries), in this district and elsewhere in the United
> States, secure messaging systems and methods, including via the
> website http://www.texasvbank.com. Upon information and belief,
> Valliance Bank acts as the mastermind to direct or control users to
> request, transmit and/or receive secure messages via its secure
> messaging systems and methods. Upon information and belief,
> Valliance Bank has also contributed to the infringement of one or
> more claims of the '817 patent, and/or actively induced others to
> infringe one or more claims of the '817 patent, in this district and
> elsewhere in the United States.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

3.      Rule 12(b)(6) provides that a party may move for dismissal of an action for failure

to state a claim upon which relief can be granted. Fed, R. Civ. P. 12(b)(6). The Court must accept

as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most

favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule

12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 555 (2007). In *Gonzalez v. Kay,* 577 F.3d

600, 603 (5th Cir. 2009), the Fifth Circuit recently stated:

> The Supreme Court recently expounded upon the *Twombly* standard,
> explaining that "[t]o survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as true, to 'state a claim to
> relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --U.S. ----, 129

**DEFENDANT VALLIANCE BANK's MOTION TO DISMISS**
**AND MOTION FOR MORE DEFINITE STATEMENT - Page 2**

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

4.      In *Iqbal,* the Supreme Court, citing *Twombly,*  stated:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

5.      The Court then established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

**DEFENDANT VALLIANCE BANK's MOTION TO DISMISS**
**AND MOTION FOR MORE DEFINITE STATEMENT - Page 3**

6.     Here the Plaintiff merely asserts conclusory allegations.  The complaint contains insufficient facts to state a plausible claim against Valliance Bank.  For example, there are no pleadings that allege that a specific activity currently being undertaken by Valliance Bank violates a specific protected claim under the patent.  It generally alleges that Valliance Bank has a website which engages in "secure messaging systems and methods."  No other specifics are provided.

7.     Under the theory of literal infringement, infringement occurs where each element of at least one claim of the patent is found in the alleged infringer's product. *Panduit Corp. v. Dennison Mfg. Corp.*, 836 F.2d 1329, 1330 n. 1 (Fed.Cir.1987).  Therefore, a claim in a patent can only be literally infringed if it reads on each and every element of the alleged infringer's product. *Merck & Co., Inc. v. TEVA Pharmaceuticals USA, Inc.*, 228 F.Supp.2d 480, 485 (D.Del. 2002).  Because "literal" infringement occurs only when the accused device embodies each and every limitation in the claim, if the device employed by Valliance Bank lacks any of the claim elements, there is no literal infringement.

8.     If the unspecified allegation is one of infringement under the doctrine of "equivalents," then infringement may only be found if the device employed by Valliance Bank (1) performs substantially the same function, (2) in substantially the same way, and (3) achieves substantially the same result as the allegedly infringed claim defined by the '817 Patent. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 934-95 Fed.Cir.1987).  "The doctrine of equivalents, however, is not a tool for expanding the protection of a patent...." *Contech Stormwater Solutions v. Baysaver Technologies, Inc.*, 2007 WL 2872074 * 3 n.1 (D.Md. 2007).  A finding of equivalence is a determination of fact. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 609,

**DEFENDANT VALLIANCE BANK's MOTION TO DISMISS**
**AND MOTION FOR MORE DEFINITE STATEMENT - Page 4**

70 S.Ct. 854, 857 (1950). Here, there are no allegations which even if taken as true could satisfy the test for determination of infringement under the doctrine of equivalents.

9.     Whether the claim is one of literal infringement or infringement under the doctrine of equivalents the court is required to undertake a two-step analysis. to determine whether (a) the scope of the claims allegedly being infringed ("claim construction"); and (b) then determining whether the licensed system being used by Valliance Bank is within the scope of the claim asserted by the Plaintiff ("infringement analysis"). *Charles Greiner & Co., Inc. v. Mari-Med Mfg., Inc.*, 962 F.2d 1031, 1034 (Fed.Cir. 1992); *Hormone Research Foundation, Inc. v. Genetech, Inc.*, 904 F.2d 1558, 1562 (Fed.Cir.1990). Without specific information concerning the "claim" that has been infringed and how that claim is being employed in the Valliance Bank's system, it is impossible for this Court to engage in any claim construction or infringement analysis.

10.     In determining whether a patent has been infringed, the patent owner bears the burden of proof, and must meet its burden by a preponderance of the evidence standard. *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed.Cir.1988).

11.     When construing the claims of a patent, a court considers the literal language of the claim, the patent specification and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977- 978 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 388-390, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Claim construction is a matter of law exclusively for the Court. *Id.* A court should interpret the language in a claim by applying the ordinary and accustomed meaning of the words in the claim. *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 759 (Fed.Cir.1984). To determine if Valliance Bank's system infringes the '817 patent, the Court must necessarily compare the

Valliance Bank system with the asserted claims of the patent. *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed.Cir.1995). Because of the lack of specific allegations, this is an impossible task for the Court.

12. The Complaint only contains conclusory and conjectural allegations and cannot meet the *Twombly* and *Iqbal* standards. Insufficient facts are plead to allow the Court to conduct either the required claim construction or infringement analysis. Therefore, this Complaint should be dismissed pursuant to Rule 12(b)(6).

## MOTION FOR MORE DEFINITE STATEMENT

13. In the alternative, the Complaint is so vague and ambiguous as to the existence of any cause of action or any injury that Valliance Bank cannot reasonably be required to formulate a responsive pleading. The Complaint fails to establish an basis for recovery of damages for the tort of patent infringement. The Complaint provides no facts which either infer or demonstrate that the Plaintiff's claim precludes the use of the system employed by Valliance Bank. Further, there are no allegations that Valliance Bank has engaged in any practices which are considered willful. Without information concerning these factors, Valliance Bank cannot respond to the Complaint. Because the factual recitations are so sparse, Valliance Bank is being prejudiced since it has no basis on which to evaluate the claims. Therefore, pursuant to Rule 12(e), Fed. R. Civ. P., Valliance Bank requests that this Court order the Plaintiff to replead and more specifically articulate a cause of action and state the nature of its injuries, if any.

14. For each of the foregoing reasons, Valliance Bank requests that this Court order the Plaintiff to provide a more definite statement relating to the factual basis establishing the elements

**DEFENDANT VALLIANCE BANK's MOTION TO DISMISS**
**AND MOTION FOR MORE DEFINITE STATEMENT - Page 6**

of its causes of action including, without limitation, an exact description of the claim protected by the patent which is being infringed by the Valliance Bank system.

## CONCLUSION

15.     The Complaint fails to state a claim for which relief may be granted against Valliance Bank. The allegations are conclusory and speculative and are insufficient to provide fair notice pursuant to Rule 8(a)(2) because they are so non-specific as to both the claim within the patent which is being violated, how the patent claim is equivalent to the system actually used by Valliance Bank, and how Valliance Bank has acted willfully. As a result no claim has been made upon which relief can be granted. The Complaint is so devoid of facts that Plaintiff must replead to provide fair notice to Valliance Bank of its claims.

WHEREFORE, PREMISES CONSIDERED, Defendant, Valliance Bank prays that upon hearing herein this Court dismiss the Complaint pursuant to Rule 12(b)(6) , Fed. R. Civ. P. or, alternatively, order Plaintiff to file a more definite statement as requested herein and for such other and further relief to which Valliance Bank may show itself to be justly entitled, both a law or in equity.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD, & JOPLIN, P.C.**


By: /s/ Larry R. Boyd_____
      **Richard M. Abernathy**
      State Bar No. 00809500
      Attorney in Charge
      **Larry R. Boyd**
      State Bar No. 02775000

**Charles J. Crawford**
State Bar No. 05018900
1700 Redbud, Suite 300
McKinney, Texas 75070
Telephone: (214) 544-4000
Telecopier: (214) 544-4040

**ATTORNEYS FOR VALLIANCE BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2010, a copy of the foregoing document was serviced on the persons listed on the Service List through the Court's electronic notification system as permitted by Local Rule CV - 5(a)(3), Local Rules of the United States District Court for the Eastern District of Texas, or by first class mail, postage prepaid.

/s/ Larry R. Boyd